## CHIPMAN vs. FAMBRO.

A transcript of the judgment rendered against a security, is evidence in an action by the security against his principal to recover back the money paid by the security, although the principal was not a party to the suit, nor notified of the suit against the security. *Snider vs. Greathouse*, 15 *Ark. Rep.*

A sheriff has no authority to receive payment of a judgment, after the return day of an execution which was not levied.

The receipt of a sheriff, given without process in his hands, for the amount of a judgment, and the receipt of the plaintiff to the sheriff for such amount, are no part of the record of tho cause; and though copied into the transcript, they are not record evidence of payment, in an action by the security against the principal for money paid.

*Appeal from the Circuit Court of Union County.*

Hon. SHELTON WATSON, Circuit Judge.

CARLETON, for the appellant. The record from Georgia, unless the defendant had been party thereto, or been notified thereof, by the plaintiff, was not legal evidence against him. *Duchess Kingston's case*, 11 *St. Tr.* 261; 20 *How. St. Tr.* 538, 1 *Phil. Ev.* 326, 3 *Ib.* (*Cow. & Hill's notes*,) 803.

A record is not evidence to prove the facts upon which a recovery was had, as between persons not parties to such recovery. *Lovel vs. Cunold*, 2 *Mun. Rep.* 167; *Hollingsworth vs. Barbour*, 4 *Pet. Rep.* 466; 4 *Hawk. Rep.* 34; 2 *Rand.* 313; 3 *Yeate's* 128.

The transcript of the judgment was not evidence of a breach of the sheriff's bond, nor of the amount of damages, nor that the plaintiff had paid any part of the judgment.

Lyon, for appellee. The transcript was evidence to prove that judgment was obtained in the Supreme Court of Georgia against appellee et al., as security on appellant's sheriff's bond, and the amount of said judgment, cost, &c., and that the same, or a part thereof, had been paid by appellee, and that he was legally bound to pay the same. 1 *Phill. on Ev.* 332; 3 *ib.* 821, *n.* 583; 12 *Mass. R.* 166; 7 *J. R.* 168; 17 *ib.* 142; 9 *Cowen* 154; 10 *Ala. Rep.* 849.

The transcript was *prima facie* evidence on all points established by it. *Train vs. Gould,* 5 *Pick. Rep.* 380; 5 *Binn. Rep.* 184; 2 *Rand. Rep.* 313; 1 *Gilman's Rep.* 235; 2 *Leigh's Rep.* 393; 1 *Wash. Rep.* 31.

Mr. Justice WALKER delivered the opinion of the Court.

This was an action of *indebitatus assumpsit,* brought by Fambro against Chipman, to recover money alleged to have been paid by Fambro upon a judgment rendered against him in the State of Georgia, as the security of Chipman upon a sheriff's bond. The general issue was pleaded; and, upon the trial of the case, the plaintiff offered a transcript of the judgment as evidence, to sustain the issue on his part. To the admission of which, the defendant objected, upon the ground, that he was not a party to the record, nor had he any notice whatever of the suit upon his official bond; and, also, because the receipts copied into the record, were properly no part thereof, and were inadmissible as such. But the Circuit Court overruled the objection, and permitted the entire record to be read as evidence to the jury, and this, with evidence to identify the defendant as the same person, upon whose official bond the judgment had been rendered, was the whole of the evidence given to the jury; and, thereupon, at the instance of the plaintiff, and against the objection of the defendant, the court instructed the jury that the record evidence was, of itself, sufficient to entitle the plaintiff to a verdict, unless repelled by rebutting evidence from the defendant.

After a verdict for the plaintiff, the defendant moved for a new trial, which was overruled, and the case comes up, on exceptions to the opinion of the court, in overruling the motion for a new trial.

The legal sufficiency of the record as evidence, is the only question to be determined.

The first objection to it was, that the defendant was not a party to the suit, and had no notice of the same. This precise question came before us at the last term of this court; (*Snider vs. Greathouse,*) and, after a full investigation of authorities, it was held, that where the liability of the security was contingent, and to be ascertained by an assessment of damages, a transcript of the judgment, and proceedings against the security, with proof of payment of the money so recovered against the security, was competent evidence in a suit brought by the security against the principal, to recover the money so paid, even though the principal may not have been sued, or notified of the suit against the security: at least that it was *prima facie* evidence, sufficient to entitle the security to a judgment against his principal, for money paid, &c.

But we think the second ground of objection well taken. The receipts copied into the record, properly formed no part thereof. They were certainly not record evidence of payment. The execution issued upon the judgment, bears date, the 13th of January, 1850, and was made returnable on the first Monday in March, next thereafter. It does not appear that this writ ever came to the hands of the sheriff whilst it was in force. It was never levied, nor is there any return or endorsement upon it, other than a receipt, purporting to be for the payment of one hundred and fifty-three dollars and seventy-five cents, dated the 24th of January, 1851, and signed "B. H. YEULLER, *sheriff.*" This receipt, bears date more than ten months after the return day of the execution. The writ not having been received by the sheriff, and acted upon whilst it was in force, it conferred no authority upon the sheriff to receive the money, nor could he

make any return whatever upon it. *Newton vs. State Bank*, 14 *Ark. Rep.* 1. The receipt upon the execution, thus made and copied into the record, is no part thereof, but is the copy, perhaps, of the receipt of the sheriff acting in his private, not his official capacity; and even if the original receipt had been produced, and its due execution proven, it would have been no evidence of payment to the plaintiff in execution, unless power to receive it had been proven, or that it had been paid over by the sheriff to the plaintiff in execution, and accepted, which would have been a ratification of the authority to receive. There was a receipt also copied into the record from the plaintiff to Yeuller, but it was no more record evidence than that from the defendant in execution to Yeuller.

The Circuit Court, therefore, erred in permitting these receipts, thus copied into the record, to go to the jury as record evidence of payment; and, also, in instructing the jury, that the record was, of itself, sufficient evidence to entitle the plaintiff to recover, because although the record was sufficient evidence of the liability of the security to pay, it was no evidence whatever of payment, and without this proof, the plaintiff could not recover.

Let the judgment be reversed, and the cause remanded, with instructions to grant a new trial, and for further proceedings, &c.